IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>REEDHYCALOG UK, LTD, and REEDHYCALOG, LP,<br><br>Defendants.[1] | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br><br><br>Case No. 2:05-CV-931 TS |

      This matter is before the Court on Defendant's Motion to Dismiss, filed January 12, 2006.[2] Plaintiff filed its opposition on February 14, 2006,[3] and Defendant filed its reply on February 27, 2006.[4] The Court, having considered the pleadings and being otherwise fully

---

      [1] Throughout the parties' filings, ReedHycalog is referred to in the singular, and the Court will do so herein.

      [2] Docket No. 6.

      [3] Docket No. 10.

      [4] Docket No. 11.

informed, finds that a hearing is not necessary for the resolution of this matter. The Court will grant the Motion, and dismiss this case for a lack of subject matter jurisdiction.

## DISCUSSION

This is a case in which Plaintiff seeks declaratory judgment that it does not infringe certain patents held by Defendant, and that those patents are invalid. Defendant asserts that this Court lacks jurisdiction, as no "actual controversy" existed at the time of the filing of this action.

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a case may be dismissed for "lack of jurisdiction over the subject matter." Rule 12(b)(1) requires a court to "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[5] Plaintiff bears the burden of proving that this Court has jurisdiction.[6] In the Motion to Dismiss context, the Court presumes all allegations in the Complaint[7] to be true.[8]

28 U.S.C. § 2201(a) allows a court to exercise jurisdiction over a declaratory judgment action where there is an "actual controversy."[9] The burden of proving that an actual controversy exists is on the party seeking the declaratory judgment.[10] When determining a motion to dismiss

---

[5] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[6] *Id.*

[7] Docket No. 1.

[8] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

[9] *Intellectual Property Development Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1340 (Fed.Cir.2001), *cert. denied*, 534 U.S. 895 (2001).

[10] *Id.*

under Fed.R.Civ.P. 12(b)(1), the court may consider not only the complaint itself, but also affidavits, deposition testimony, and other materials outside the complaint.[11]

Courts utilize a two-part test to determine whether an "actual controversy" exists.[12] First, the declaratory judgment plaintiff must prove that it has a "reasonable apprehension" of legal action by the patent holder if it continues its allegedly infringing activity. Second, the plaintiff must prove that it has actually produced or is prepared to produce the allegedly infringing product.[13] This test is objective and is applied to the facts that existed at the time the lawsuit was filed.[14] The parties agree that the second prong of the analysis is not an issue in this case.

The evidence Plaintiff relies upon to support its assertion that it had a reasonable apprehension of legal action on the part of Defendant is summed up as follows: 1) a letter sent from Defendant to Plaintiff informing it of several of its patents; 2) a telephone conversation initiated by Plaintiff's then-president, Mr. Burgess, to the president of Defendant, Mr. Deane, wherein Mr. Deane indicated that Defendant would vigorously protect and enforce its patents; and 3) a comment allegedly made by a salesman working for Defendant to another individual indicating possible legal action between the parties. Plaintiff admits that Defendant never

---

[11] *United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999).

[12] *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir. 1995), *cert. denied*, 516 U.S. 1093 (1996).

[13] *Id.*

[14] *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed.Cir. 1988).

expressly accused Plaintiff of infringement, but "came close."[15]  Finally, Plaintiff notes that Defendant did not, at that time, attempt to negotiate with Baker, such as by offering a license under its patents.

In support of its Motion, Defendant relies, *inter alia*, upon *U.S. Synthetic Corp. v. ReedHycalog, Ltd.*, (the *USS* case), where in December 2005, Judge Kimball in this Court granted a similar motion to dismiss.[16]  Defendant argues that the *USS* case is relevant, and Plaintiff attempts to distinguish the case.

The Court has carefully marshaled the facts and circumstances of this case, compared them to the *USS* case, and finds that they are similar in all relevant and material respects to the *USS* case.  Further, the Court finds Judge Kimball's legal analysis to be compelling.  Accordingly, this Court will adopt the analysis and legal findings of Judge Kimball's opinion.

This case and the *USS* case are identical or similar in the following respects: both cases involved the same defendant and the same patents, and the plaintiffs in both cases are related through a business relationship; Plaintiff admits that the letters identifying the patents at issue were "essentially the same" in both cases; and in both cases, it was the president of the plaintiff company who contacted Defendant's president.  Plaintiff argues that the cases are distinguishable on the following facts: Defendant "infected the competitive environment" by telling a customer that Defendant would be suing Plaintiff; and Defendant accused Plaintiff of infringement.

---

[15] Docket No. 10, at 5.

[16] 407 F.Supp.2d 1274, 2005 WL 3436799 (D.Utah 2005).

The Court finds that Plaintiff's characterization of both of the alleged distinguishing facts are misleading.  Plaintiff relies on cases in which a defendant informs a customer of a plaintiff it would sue the plaintiff – but those cases involved an executive conveying that message.  Here, while hotly disputed, Plaintiff alleges that it was a salesman who said a lawsuit might be filed. Second, while Plaintiff implies that Defendant accused it of infringement, they also admit[17] that Plaintiff did not expressly do so.  Therefore, even if these two alleged distinguishing facts were taken in the light most favorable to Plaintiff, they do not establish Plaintiff's burden.  However, even if Plaintiff's characterization of all the facts were accepted, they are insufficient for Plaintiff to form an objective and reasonable apprehension of suit.

In sum, the Court finds that Plaintiff has not met its burden of proving, by a preponderance of the evidence, that an actual controversy exists.  Plaintiff has failed to prove that it has an objective, reasonable apprehension of legal action by Defendant.  Therefore, this Court is without subject matter jurisdiction, and this case will be dismissed.

In the alternative, even if the Court were to determine that Plaintiff had a reasonable apprehension of suit, the Court would exercise its discretion and dismiss this action.  The parties both acknowledge the Court's broad discretion.  Even where there is both a reasonable apprehension of suit and the party has a present ability to commit the allegedly infringing act, dismissal is still justified where the parties are engaged in settlement discussion and there is a

---

[17] Docket No. 10, at 5.

possibility that the dispute may be resolved without the need for legal action.[18]  Defendant represents that it has not yet had a reasonable opportunity to "realistically discuss license negotiations" with Plaintiff and, further, that "there is a 'real prospect of a non-judicial resolution of th[is] dispute.'"[19]  Defendant also points out that it has not filed suit against Plaintiff or any other user of the products at issue in this case.  Therefore, the Court finds that there is a reasonable prospect of a non-judicial resolution of this dispute, and will dismiss this action so that the parties can engage in meaningful settlement discussions.  The Court believes that, despite the current posturing of the parties in the context of this action, there is still a reasonable likelihood that the parties could resolve this outside of the courtroom and, as a result, the Court would alternatively exercise its discretion to dismiss the suit.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED.  It is further

ORDERED that the hearing set for May 16, 2006 at 3:00 p.m. is STRICKEN.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

---

[18] *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed.Cir. 1996) (courts have broad discretion whether to hear a declaratory judgment suit "as long as the district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration.").

[19] Docket No. 11, at 7.

DATED  May 12, 2006.

                            BY THE COURT:

                            _____
                            TED STEWART
                            United States District Judge