IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> REEDHYCALOG UK, LTD, and REEDHYCALOG, LP, <br><br> Defendants.[1] | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) <br><br><br><br><br> Case No. 2:05-CV-931 TS |

The Court dismissed this case on May 12, 2006, in its Memorandum Decision and Order Granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (hereinafter "May 12, 2006 Order").[2]  This matter is presently before the Court on Plaintiff's Motion to Alter

---

[1] Throughout the parties' filings, ReedHycalog is referred to in the singular, and the Court will do so herein.

[2] Docket No. 13.

1

or Amend the Judgment of Dismissal Pursuant to Federal Rule[s of] Civil Procedure 59(e),[3] filed May 17, 2006. Upon stipulation of the parties, the Court ordered expedited treatment of the instant Motion,[4] and briefing was completed on May 30, 2006. On June 1, 2006, the Court held a hearing and heard argument of counsel. At the close of the hearing, the Court took the matter under advisement. The Court is now prepared to rule, and will deny Plaintiff's Motion for the reasons set forth more fully below.

## DISCUSSION

When considering a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), such an action is warranted when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[5] Plaintiff argues that Defendant's filing of suit in the Eastern District of Texas shortly after this Court's granting of Defendant's Motion to Dismiss constitutes both new evidence that was previously unavailable and a need to prevent manifest injustice. Defendant counters that its post-dismissal actions have no bearing on the state of affairs on the relevant date – the date of the filing of Plaintiff's declaratory judgment action.

As noted in the Court's May 12, 2006, Order, in order for the Court to have jurisdiction over this declaratory judgment action, an "actual controversy" must have existed at the time of the filing of suit. Plaintiff argues that the Court can look at later events to confirm whether or not

---

[3] Docket No. 14.

[4] Docket No. 19.

[5] *Servants of the Paracletes v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

such a controversy existed at the inception of suit, citing the *BP Chemicals*[6] and *C.R. Bard*[7] cases. However, those cases do not support the argument that the Court can or must look to events which happened after the dismissal of a case to determine declaratory justiciability.

In a case cited by Plaintiff, the Federal Circuit has clearly stated that "[t]here must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) *present activity* which could constitute infringement or concrete steps taken with the intent to conduct such activity."[8] Even if the Court were to consider events which occurred after the filing of the suit to determine the reasonable apprehension, or lack thereof, at the time of the filing of the suit, the Court declines to look at post-dismissal activity to retroactively make that determination. The fact that Defendant has now filed suit in another district against Plaintiff and other parties does not alter the Court's previous findings and conclusions.

Further, in its May 12, 2006 Order, the Court objectively applied the facts that existed at the time the lawsuit was filed. While Plaintiff argues that Defendant's recent filing of suit adds to the totality of the circumstances supporting its arguments, the Court, in support of its previous findings, already accepted Plaintiff's arguments as true and found them insufficient for Plaintiff to have formed an objective and reasonable apprehension of suit. Therefore, while Defendant's

---

[6] *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993).

[7] *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983).

[8] *BP Chemicals*, 4 F.3d at 978 (emphasis added).

recent actions may or may not further buttress Plaintiff's theory, it does not change the state of affairs on the date the declaratory action was filed.

The Court's May 12, 2006 Order rested on two alternative grounds: that Plaintiff failed to meet its burden of proving, by a preponderance of the evidence, that an actual controversy existed at the time of the filing of suit, and that, "even if the Court were to determine that Plaintiff had a reasonable apprehension of suit, the Court would exercise its discretion and dismiss the action," acknowledging the Court's "broad discretion."[9]  Again in this context, the Court reaffirms both grounds, and finds that none of the Fed.R.Civ.P. 59(e) factors support an alteration of the Court's judgment on either ground.

Finally, as noted by Defendant at oral argument, the Court finds that the interests of judicial economy weigh heavily in favor of upholding the judgment of the Court in this case, allowing the suit in the Eastern District of Texas to proceed on the merits, and to avoid piecemeal litigation, especially in the present declaratory judgment setting.

In sum, the Court has carefully considered the record and the arguments of counsel, and finds that alteration or amendment of its judgment is not warranted in this case.  Therefore, the Court will DENY Plaintiff's Motion to Alter or Amend the Judgment of Dismissal Pursuant to Federal Rule[s of] Civil Procedure 59(e).

---

[9] Docket No. 13, at 5.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion to Alter or Amend the Judgment of Dismissal Pursuant to Federal Rule Civil Procedure 59(e) (Docket No. 14) is DENIED.

SO ORDERED.

DATED  June 21, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge